**Christopher Anthony WILLIAMS,**
**Appellant**

v.

**UNITED STATES PAROLE**
**COMMISSION.**

No. 09–3096.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action

Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Sept. 24, 2009.

Opinion filed: Oct. 15, 2009.

Christopher Anthony Williams, White Deer, PA, pro se.

Dennis C. Pfannenschmidt, Esq., Office of United States Attorney, Harrisburg, PA, for United States Parole Commission.

Before: RENDELL, HARDIMAN and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Christopher Williams, a federal prisoner, appeals from the order of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons stated below, we will affirm.

Because the background of this case is provided in the District Court's memorandum and is familiar to the parties, we will revisit the facts only briefly. In October 1993, Williams pleaded guilty in the United States District Court for the Eastern District of New York to RICO conspiracy and conspiracy to distribute and possess with intent to distribute drugs. He is serving a twenty-five year sentence for the offenses, consecutive to sentences he already had been serving in New York and Maryland. Williams entered federal custody in May 1999.

Williams's federal offenses occurred before November 1, 1987, the effective date of the Sentencing Reform Act of 1984, so he is still subject to the United States Parole Commission's jurisdiction to grant or deny parole. In April 2000, the Commission held an initial parole hearing for Williams and computed his guideline range as 180+ months to be served before release on parole; the panel rated the severity of Williams's offenses as Category Eight, for which no upper limits are specified, with a salient factor score of three. Also, the Commission credited Williams with 115 months spent in state custody towards satisfaction of the guideline range. In May 2000, the Commission issued a notice of action denying parole and ordering Williams to continue to a fifteen-year reconsideration hearing in April 2015 or to serve to the expiration of his sentence, whichever comes first. Further, the Commission stated reasons for its decision exceeding the lower limit of the guideline by more than forty-eight months based on certain aggravating factors. Williams did not file an administrative appeal of the decision.

In February 2008, the Commission held a statutory interim parole hearing. The hearing summary noted Williams's sentence parameters as having a full term date of May 20, 2024 and a mandatory release date of March 1, 2014.[1] After reviewing Williams's conduct and program achievement, the Commission made no

---

1. The record contains a sentence monitoring computation report as of January 29, 2008, that reflects, among other things, Williams's parole eligibility date of September 20, 2007, statutory good time rate and projected sentence satisfaction date of March 1, 2014 via mandatory release, a statutory release date of March 3, 2016, and a full term date of May 20, 2024. (Gov't Response to Habeas Petition, Exh. 1.)

change in the prior decision to have a fifteen-year reconsideration hearing or continue to expiration, whichever came first, acknowledging that the mandatory release date was scheduled to occur before his reconsideration hearing. The Commission issued a notice of action to that effect. In July 2008, on Williams's administrative appeal, the National Appeals Board affirmed the decision.

Williams filed his section 2241 petition in September 2008, naming the Commission as respondent. As he argued in his administrative appeal, Williams contended that the Commission failed to credit him with the time he spent in state custody. He sought immediate release, contending that his time served in both state and federal custody satisfied the guidelines calculated in his case. The Commission filed a response to the habeas petition. Williams filed a reply, asserting that it was mathematically impossible for him to have been credited towards his parole guideline date and yet have a projected release date on parole of March 2014. On July 8, 2009, 2009 WL 2043433, the District Court denied the habeas petition. The District Court noted that Williams's position was based on the erroneous premise that his calculated parole guideline range actually established a period of incarceration of 228 months (the 180+ month guideline plus the need to serve an additional forty-eight months above the lower limit). The District Court also found that Williams had confused credits applied to his parole eligibility as credits to be applied against the mandatory release date concerning his sentence. Williams appeals and has filed a document containing argument in support of the appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review in this matter is limited to whether there is a rational basis in the record for the Commission's statement of reasons for denial of parole. *See Furnari v. Warden, Allenwood Fed. Correctional Inst.*, 218 F.3d 250, 254 (3d Cir.2000). Upon review of the record, and for substantially the same reasons given by the District Court, we will affirm. Williams states in his submission to this Court that he does not contend that the time spent in state custody reduces the expiration date of his federal sentence. Rather, he argues that his state time credits should be applied towards the satisfaction of the 180+ month guideline range set by the Commission, and with the credits applied, he now is unjustly incarcerated beyond that time period. Williams's position appears to be based on his mistaken belief that the guideline range established by the Commission for purposes of parole eligibility is equivalent to the period of incarceration. Parole eligibility is not a promise of release; even if the Commission were to determine that a prisoner were eligible for parole after serving a certain guideline range, it does not necessarily follow that the prisoner would be paroled at that time. As stated by the District Court, the decision to grant parole to an eligible prisoner is committed to the Commission's discretion. *See* 28 C.F.R. § 2.18. Williams does not contest the rating of his offenses as Category Eight with a salient factor score of three, and he does not contest the resulting guideline range. We conclude that a rational basis exists for the denial of parole and that Williams is not entitled to immediate release.

We have considered Williams's arguments in support of the appeal and find them to be without merit. Because this appeal presents no "substantial question," we will summarily affirm the District Court's decision. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.